IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NEUTRON DEPOT, LLC AND | § | |
| DEPOTWEB, INC. | § | |
| | § | |
| Plaintiffs | § | Civil Action No. |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| BANKRATE, INC; | § | |
| ALL WEB LEADS, INC.; | § | |
| DAVID HAAN dba INSURANCE- | § | |
| DEPOT.COM; | § | |
| QUOTELAB, LLC dba | § | |
| QUOTELAB.COM; | § | |
| ALL INSURANCE DEPOT, INC., | § | |
| RODGERS NO KA 'OI, LLC dba | § | |
| COLORADO INSURANCE DEPOT; | § | |
| SHOW-ME INSURANCE DEPOT, LLC; | § | |
| INSURANCE DEPOT OF AMERICA, | § | |
| LLC; | § | |
| THE INSURANCE DEPOT, INC. dba | § | |
| THEINSURANCEDEPOT.COM; | § | |
| JIM ECFORD dba PRISM INSURANCE | § | |
| DEPOT; and | § | |
| DOE dba INSURANCEDEPOTTEXAS.COM | § | |
| Defendants | § | |

## PLAINTIFFS NEUTRON DEPOT, LLC AND DEPOTWEB, INC.'S ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT

**Neutron Depot, LLC** and **DepotWeb, Inc.** ("Plaintiffs"), by their undersigned attorneys,

for their Complaint against Defendants:  **Bankrate, Inc**., 11760 U.S. Highway 1, Suite 200,

North Palm Beach, FL 33408; **All Web Leads, Inc**., 9 Kern Ramble St., #A, Austin, TX 78722-

1938; **David Haan dba Insurance-Depot.org and Insurance–Depot.com**, 5445 W. Reno Ave.,

#1616, Las Vegas, Nevada 89118; **QuoteLab, LLC dba QuoteLab.com**, 1223 Wilshire Blvd.,

#120, Santa Monica, California 90403; **All Insurance Depot, Inc**., 15812 SW 137 Avenue, Miami, Florida 33177; **Rodgers No Ka 'Oi, LLC dba Colorado Insurance Depot**, 11199 Rock Wren, Littleton, Colorado 80125; **Show-Me Insurance Depot, LLC**, 407 E. Ashley Rd., Boonville, Missouri 65233; **Insurance Depot of America, LLC**, 653 Spinnaker, Weston, Florida 33226; **The Insurance Depot, Inc. dba TheInsuranceDepot.com**, 11769 Amethyst Ct., Fountain Valley, CA. 92708, **Jim Ecford dba Prism Insurance Depot**, 3040 FM 1960 E, Suite 110, Houston, Texas 77073, **and Doe dba InsuranceDepotTexas.com** (collectively Defendants), allege as follows:

This is an action for: trademark infringement, unfair competition, anti-cybersquatting and dilution under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq. ("Lanham Act"), including 15 U.S.C. §§ 1114, 1125; and trademark infringement, unfair competition and conspiracy under common law.

<u>JURISDICTION AND VENUE</u>

1.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 insofar as it arises under Lanham Act.  This Court has pendent jurisdiction over the state law claims because they arise from a common nucleus of operative facts.

2.     This Court has personal jurisdiction over Defendants in that Defendants do business and/or conduct infringing acts in this District, including the operation of interactive websites and marketing.

3.     Venue is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District and Defendants do business in this District.

## THE PARTIES

4.     Plaintiff **Neutron Depot, LLC** is a Texas Limited Liability Corporation and Plaintiff **DepotWeb, Inc**. is a Texas Corporation.  Both Plaintiffs have a principal place of business located at 13703 Neutron Road, Dallas, Texas 75244.  Further, Plaintiffs, among other things, engage in, and/or have engaged in, the marketing, sale and servicing of insurance and insurance related products and services.  Plaintiffs do business, and/or have done business, throughout this District and in interstate commerce.

5.     On information and belief, Defendant **Bankrate, Inc. ("Bankrate")** is a foreign corporation that transacts business within the State of Texas, with its principal place of business at 11760 U.S. Highway 1, Suite 200, North Palm Beach, FL 330408, which, among other things, markets and sells insurance and insurance related products and services, and does business throughout this District and in interstate commerce.  Defendant **Bankrate** may be served with summons and a copy of Plaintiffs' Complaint by serving Defendant's registered agent for service at its place of business: Corporation Service Company dba CSC - Lawyers Incorporating Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

6.     On information and belief, Defendant **All Web Leads, Inc. ("All Web")** is a foreign corporation that transacts business within the State of Texas, with its principal place of business at 9 Kern Ramble St., #A, Austin, TX 78722-1938, which, among other things, markets and sells insurance and insurance related products and services, and does business throughout this District and in interstate commerce.  Defendant **All Web** may be served with summons and a copy of Plaintiffs' Complaint by serving Defendant's registered agent for service at its place of business, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75207.

7.     On information and belief, Defendant **David Haan dba Insurance-Depot.org and Insurance–Depot.com ("Haan")** is an individual who transacts business within the State of Texas, with his principal place of business at 5445 W. Reno Ave., #1616, Las Vegas, Nevada 89118, who, among other things, markets and sells insurance and insurance related products and services, and does business throughout this District and in interstate commerce.   Defendant **Haan** may be served with summons and a copy of Plaintiffs' Complaint by serving him at its place of business: 5445 W. Reno Ave., #1616, Las Vegas, Nevada 89118.

8.     On information and belief, **Defendant QuoteLab, LLC dba QuoteLab.com ("QuoteLab")** is a foreign Corporation that transacts business within the State of Texas, with its principal place of business at 1223 Wilshire Blvd., #120, Santa Monica, California 90403, which, among other things, markets and sells insurance and insurance related products and services, and does business throughout this District and in interstate commerce.   Defendant **QuoteLab** may be served with summons and a copy of Plaintiffs' Complaint by serving Defendant's registered agent for service at its place of business: Corporation Service Company dba CSC – Lawyers Incorporating Service, 2711 Centerville Rd., Wilmington, Delaware 19808.

9.     On information and belief, Defendant **All Insurance Depot, Inc. ("All Insurance Depot")** is a foreign corporation that transacts business within the State of Texas, with its principal place of business at 15812 SW 137 Avenue, Miami, Florida 33177, which, among other things, markets and sells insurance and insurance related products and services, and does business throughout this District and in interstate commerce.   Defendant **All Insurance Depot** may be served with summons and a copy of Plaintiffs' Complaint by serving Defendant's registered agent for service at his place of business: Michael J. Reyes, 15220 SW 31st Street, Miami, Florida 33185.

10.     On information and belief, Defendant **Rodgers No Ka 'Oi, LLC dba Colorado Insurance Depot ("Colorado Insurance Depot")** is a foreign corporation that transacts business within the State of Texas, with its principal place of business at 11199 Rock Wren, Littleton, CO. 80125, which, among other things, markets and sells insurance and insurance related products and services, and does business throughout this District and in interstate commerce.  Defendant **Colorado Insurance Depot** may be served with summons and a copy of Plaintiffs' Complaint by serving Defendant's registered agent for service at its place of business: Mark Thomas Rodgers, 11199 Rock Wren, Littleton, CO 80125.

11.     On information and belief, Defendant **Show-Me Insurance Depot, LLC ("Show-Me Insurance")** is a foreign Company that transacts business within the State of Texas, with its principal place of business at 407 E. Ashley Rd., Boonville, Missouri 65233, which, among other things, markets and sells insurance and insurance related products and services, and does business throughout this District and in interstate commerce.  Defendant **Show-Me Insurance** may be served with summons and a copy of Plaintiffs' Complaint by serving Defendant's registered agent for service at its place of business: Brenda K. Bader, 8330 Immele Rd., Pilot Grove, Missouri 65276.

12.     On information and belief, Defendant **Insurance Depot of America, LLC ("Insurance Depot America")** is a foreign corporation that transacts business within the State of Texas, with its principal place of business at 653 Spinnaker, Weston, Florida 33226, which, among other things, markets and sells insurance and insurance related products and services, and does business throughout this District and in interstate commerce.  Defendant **Insurance Depot America** may be served with summons and a copy of Plaintiffs' Complaint by serving

Defendant's registered agent for service at his place of business: Allen Will, 2325 SW 1-5[th] Terrace, Davie, Florida 33324.

13.    On information and belief, Defendant **The Insurance Depot, Inc. dba TheInsuranceDepot.com ("Insurance Depot Inc.")** is a foreign corporation that transacts business within the State of Texas, with its principal place of business at 11769 Amethyst Ct., Fountain Valley, CA. 92708, which, among other things, markets and sells insurance and insurance related products and services, and does business throughout this District and in interstate commerce.  Defendant **Insurance Depot Inc.** may be served with summons and a copy of Plaintiffs' Complaint by serving Defendant's registered agent for service at its place of business: 11769 Amethyst Ct., Fountain Valley, CA. 92708.

14.    On information and belief, Defendant **Jim Ecford dba Prism Insurance Depot ("Prism")** is an individual who transacts business within the State of Texas, with its principal place of business at 3040 FM 1960 E, Suite 110, Houston, Texas 77073 which, among other things, markets and sells insurance and insurance related products and services, and does business throughout this District and in interstate commerce.  Defendant **Jim Ecford** may be served with summons and a copy of Plaintiffs' Complaint by serving Jim Ecford at his place of business: 3040 FM 1960 E, Suite 110, Houston, Texas 77073.

15.    On information and belief, Defendant **Doe dba InsuranceDepotTexas.com ("Doe")** is an unknown individual or entity who transacts business within the State of Texas, with its principal place of business in Texas which, among other things, markets and sells insurance and insurance related products and services, and does business throughout this District and in interstate commerce.  Defendant **Doe** may be served with summons and a copy of Plaintiffs' Complaint by serving Defendant's current domain name registrar: TUCOWS

DOMAINS INC. on behalf of WWW.INSURANCEDEPOTTEXAS.COM *via* email disputes@opensrs.net.

<u>STATEMENT OF FACTS</u>

16.    For many years, Plaintiffs have been engaged in the marketing, sale and distribution of insurance products and services.

17.    Plaintiffs' services and products are, and have been, sold and marketed nationwide to individual customers and/or businesses.

18.    On August 26, 1993, James T. Maxwell filed a federal trademark application with the United States Patent and Trademark Office ("USPTO") for INSURANCE DEPOT (the "Mark").

19.    On July 5, 1994, the USPTO granted the registration of the Mark as Fed. Reg. 1,843,194.

20.    The Mark is owned by CSi Agency Services, Inc. (CSi).

21.    The Mark has been in continuous use with the public as an identifier of source of goods, or services, since 1993.

22.    The Mark has been rendered "incontestable" by the USPTO, and all applicable fees and usage filings have been filed and maintained with the USPTO.

23.    CSi executed written agreements with both of the Plaintiffs in which CSi licensed the use of the Mark to Plaintiffs together with the right of enforcement and the right to bring suit under the Mark.

24.    Proper notice of the registration of this Mark has been maintained on the website www.insurancedepot.com, and upon written documents, pursuant to the terms of 15 U.S.C. §

1111; and thus, Plaintiffs are entitled to all applicable damages and remedies under the Lanham Act.

25.     Plaintiffs have actively advertised, marketed and continuously promoted the Mark both online at www.insurancedepot.com, and upon written documentation, wherever and whenever Plaintiffs have offered, or sold, insurance services and related products to customers and potential customers.

26.     Likewise, Plaintiffs have actively advertised, marketed and continuously promoted the Mark both online at www.insurancedepot.com, and upon written documentation, wherever and whenever Plaintiffs have displayed, and have presented, the insurance services and products to customers and potential customers.

27.     The insurance services and products that the Plaintiffs have sold, offered for sale, and/or displayed in direct reference to the Mark have been a significant good will and commercial success for Plaintiffs.

28.     The Plaintiffs' Mark acts as a valuable source identifier among the relevant class of customers, namely, buyers or potential buyers (leads) for insurance services, products and/or goods.

29.     Accordingly, Plaintiffs own and/or license exclusive, valuable trade dress and/or trademark rights to the Mark.

30.     Following registration of the Mark, and riding on the coattails of the reputation and commercial success established in connection with the Mark itself, Defendants launched competing insurance service and/or product campaigns, online and/or in paper directly misusing Plaintiffs' registered Mark.

### DEFENDANT SPECIFIC FACTS

31.     Within the last thirty (30) days, Plaintiffs used the search term "Insurance Depot" to check for potential infringers of the Mark and found the following Defendants' website advertisements and links as set forth herein.

### Defendant Bankrate, Inc.

32.     Upon information and belief, Defendant Bankrate's infringing uses of Plaintiffs' Mark include, but are not limited to, the following:

insurancedepot.com
www.EasyInsuranceSave.com
Get Free Auto Insurance Quotes. Compare & Save Money Now!

www.insurancedepot.com – Save as much as you can on ...
easysaveinsurance.com/www-insurancedepot-com-save-as-much-as-you-...
Sep 8, 2013

www.insurancedepot.com comparison site. You can also clear your doubts through a phone call.

Insurance Depot
Depot.AutoInsuranceQuotes.com
6 Minutes Can Save You $540 on Auto
Insurance- Get Free Quotes!

Insurance Depot
www.autoinsurancequotes.com/news/insurance-depot
Insurance Depot. Average Savings $425, 10 Car Quotes from Providers Allstate, Geico, Nationwide & More. Cheap Auto Insurance From AutoInsuranceQuotes.Com

### www.insurance depot.com – Get suitable auto ...
insurancesmartcompare.com/www-insurance-depot-com-get-suitable-     aut...
insurance depot – Reduce your auto insurance cost quickly ...
insurancesmartcompare.com/insurance-depot-reduce-your-auto-  insuranc...

$$$ insurancedepot.com – Get cheap auto insurance fit in ...
insurancesmartcompare.com/insurancedepot-com-get-cheap-auto-insura...
May 4, 2013 - Guardians and parents, who require to experience low-cost insurancedepot.com policy for youthful motorists, ought not to ever offer sports

+++ www.insurancedepot.com - InsuranceSmartCompare.com
insurancesmartcompare.com/www-insurancedepot-com-get-cheap-car-   in...
May 15, 2013 - Where don't you discover these
www.insurancedepot.com quotes website pages?
www.insurancedepot.com. Car insurance is very important ...

Insurancedepot.com – Get Affordable Quotes From Multiple ...
rightinsuranceprotection.com/.../insurancedepot-com-get-affordable-quo...
Time to save insurancedepot.com. Start quotes now!
insurancedepot.com – Tips on how to select automobile insurance suit you.
insurancedepot.com. How to ...

DEPOT INSURANCE - complete info
insugreat.com/depot-insurance.html
The biggest difference between a broker and an agent is the fact that an   agent is
employed by and represents a specific depot insurance    company. Due to the ...

Auto Insurance Depot - Quotes
insiwmg.com/auto-insurance-depot.html
This approach will always give you an added advantage in getting best    rates for you. o
Situations that result in personal belongings being stolen
Unplanned ...

AUTO INSURANCE DEPOT - affordable insurance
lineinsure.com/auto-insurance-depot.html
Although no cover is available for the pre-existing condition during the first two years of
the policy, if the policy holder has been free of any such pre
existing ...

Insurance Depot - Quotes
insbfdi.com/insurance-depot.html
Insurance Depot However, if you need long term care of assisted living,  you will need
more than just regular health insurance. While this information is useful in ...

INSURANCE DEPOT TEXAS - free instant quotes
insucrazy.com/insurance-depot-texas.html
While some agents make lucrative income in insurance business, many    other find being
insurance agents is never easy, there are always rejection, dejection and abjection.

A true and correct copy of Defendant Bankrate's exemplar infringing website(s),

advertisement(s) and/or link(s) is attached herein as **Exhibit 1**.

33.   Once a prospective insurance customer clicks on the aforementioned website

advertisement or link, the prospective customer will not reach Plaintiffs' website:

www.insurancedepot.com.

Plaintiffs' Original Complaint                                                    Page 10

34.     Rather, Defendant Bankrate's paid website advertisements or links irrevocably divert in the case of the websites www.EasyInsuranceSave.com and www.isurancesmartcompare.com, or circumnavigate in the case of the websites www.Depot.AutoInsuranceQuotes.com and www.autoinsurancequotes.com/news/insurance-depot, prospective insurance customers or leads from Plaintiffs' website to this Defendant's website(s).

35.     Upon information and belief, the owner of this these infringing website advertisement(s) and/or link(s) is Defendant Bankrate in this case.

36.     Accordingly, the Mark is currently being actively misused by this Defendant, as is demonstrated in the website printouts to improperly generate business at the expense of Plaintiffs' Mark.

### Defendant All Web Leads, Inc.

37.     Upon information and belief, Defendant All Web's infringing uses of Plaintiffs' Mark include, but are not limited to, the following:

> insurance depot - InsureDirectQuotes.com
> www.insuredirectquotes.com/?t202id=5301&t202kw=insurance%20depot
> [Links to] UsInsuranceOnline.com - Insurance Quotes | Online ...
> www.usinsuranceonline.com
>
> Insurance Depot $1/Day
> Insurance-Depot.com
> http://www.insurance-depot.com/
>
> Insurance Depot Houston Dallas Texas
> www.insurance-depot.org/
> Compare Insurance Depot quotes in Houston Dallas Texas.

A true and correct copy of Defendant All Web's exemplar infringing website(s), advertisement(s) and/or link(s) is attached herein as *Exhibit 2*.

38.     Once a prospective insurance customer clicks on the aforementioned website advertisements or links, the prospective customer will not reach Plaintiffs' website: www.insurancedepot.com.

39.     Rather, Defendant All Web's paid website advertisements or links irrevocably divert or circumnavigate prospective insurance customers or leads from Plaintiffs' website to this Defendant's website(s): www.quotes.insurance—quotes.com, www.usinsuranceonline.com, and www.insurancedirectquotes.com.

40.     Upon information and belief, the owner of this these website advertisement(s) and/or link(s) is Defendant All Web in this case.

41.     Accordingly, the Mark is currently being actively misused by this Defendant, as is demonstrated in the website printouts to improperly generate business at the expense of Plaintiffs' Mark.

**Defendant David Haan**
**dba Insurance–Depot.org and Insurance-Depot.com**

42.     Upon information and belief, Defendant Haan's infringing uses of Plaintiffs' Mark include, but are not limited to, the following:

insurance depot - InsureDirectQuotes.com
www.insuredirectquotes.com/?t202id=5301&t202kw=insurance%20depot
[Links to] UsInsuranceOnline.com - Insurance Quotes | Online ...
www.usinsuranceonline.com

Insurance Depot $1/Day
Insurance-Depot.com
http://www.insurance-depot.com/

Insurance Depot Houston Dallas Texas
www.insurance-depot.org/
Compare Insurance Depot quotes in Houston Dallas Texas.

A true and correct copy of Defendant Haan's exemplar infringing website(s), advertisement(s) and/or link(s) is attached herein as ***Exhibit 3***.

43.     Once a prospective insurance customer clicks on the aforementioned website advertisements or links, the prospective customer will not reach Plaintiffs' website: www.insurancedepot.com.

44.     Rather, Defendant Haan's paid website advertisements or links irrevocably divert or circumnavigate prospective insurance customers or leads from Plaintiffs' website to this Defendant's website(s): www.insurance-depot.com and www.insurance-depot.org.

45.     Upon information and belief, the owner of this these website advertisement(s) and/or link(s) is Defendant Haan in this case.

46.     Accordingly, the Mark is currently being actively misused by this Defendant, as is demonstrated in the website printouts to improperly generate business at the expense of Plaintiffs' Mark.

### Defendant QuoteLab, LLC dba QuoteLab.com

47.     Upon information and belief, Defendant QuoteLab's infringing uses of Plaintiffs' Mark include, but are not limited to, the following:

Insurance Depot (Texas) - QuoteLab.com
depot.quotelab.com/Texashttps://www.google.com/search?client=safari&rls=en&q=%22insurance+depot%22&ie=UTF-8&oe=UTF-8
Cheapest Texas Rates from $19 Free Quotes - Switch & Save 75%!

Insurance Depot (Texas) - Cheapest Texas Rates from $19
Addepot.quotelab.com/Texas
 (888) 794-5009
Free Quotes - Switch & Save 75%!
Save $520 in TexasSwitching? Compare & SaveTexas Driver DiscountsUninsured & New Drivers

Insurance Depot (Texas) - Cheapest Texas Rates from $19
depot.quotelab.com/Texas
(888) 794-5009

Free Quotes - Switch & Save 75%!
Save $520 in TexasSwitching? Compare & SaveTexas Driver DiscountsUninsured &
New Drivers

A true and correct copy of Defendant QuoteLab's exemplar infringing website(s), advertisement(s) and/or link(s) is attached herein as *Exhibit 4*.

48.     Once a prospective insurance customer clicks on the aforementioned website advertisements or links, the prospective customer will not reach Plaintiffs' website: www.insurancedepot.com.

49.     Rather, Defendant QuoteLab's paid website advertisements or links irrevocably divert or circumnavigate prospective insurance customers or leads from Plaintiffs' website to this Defendant's website(s).

50.     Upon information and belief, the owner of this these infringing website advertisement(s) and/or link(s) is Defendant QuoteLab in this case.

51.     Accordingly, the Mark is currently being actively misused by this Defendant, as is demonstrated in the website printouts to improperly generate business at the expense of Plaintiffs' Mark.

**Defendant All Insurance Depot, Inc.**

52.     Upon information and belief, Defendant All Insurance Depot's infringing uses of Plaintiffs' Mark include, but are not limited to, the following:

All Insurance Depot - A Independent Insurance Agency
www.all-insurancedepot.com

All Insurance Depot - Orlando, FL | Insurance Agent Reference
www.insuranceagentreference.com/detail/all-insurance-de...

Infinity insurance provider All Insurance Depot provides quick and risk free quotes for
health & life insurance, homeowners & renters, auto insurance and more.

A true and correct copy of Defendant All Insurance Depot's exemplar infringing website(s),
advertisement(s) and/or link(s) is attached herein as ***Exhibit 5***.

53.     Once a prospective insurance customer clicks on the aforementioned website
advertisements or links, the prospective customer will not reach Plaintiffs' website:
www.insurancedepot.com.

54.     Rather, Defendant All Insurance Depot's paid website advertisements or links
irrevocably diverts or circumnavigates prospective insurance customers or leads from Plaintiffs'
website to Defendant's website(s): www.all-insurancedepot.com.

55.     Upon information and belief, the owner of this these website advertisement(s) and
link(s) is Defendant All Insurance Depot in this case.

56.     Accordingly, the Mark is currently being actively misused by this Defendant, as is
demonstrated in the website printouts to improperly generate business at the expense of
Plaintiffs' Mark.

### Defendant Rodgers No Ka 'Oi, LLC dba Colorado Insurance Depot

57.     Upon information and belief, Defendant Colorado Insurance Depot's infringing
uses of Plaintiffs' Mark include, but are not limited to, the following:

www.coloradoinsurancedepot.com
At Colorado Insurance Depot, it is our mission to help you find a home    and auto
insurance policy that gives you the most bang for your buck.

About Colorado Insurance Depot - Compare Colorado Home ...
www.coloradoinsurancedepot.com/about-us.html
Compare Colorado Home & Auto Insurance Quotes Online ...
www.coloradoinsurancedepot.com

A true and correct copy of Defendant Colorado Insurance Depot's exemplar infringing website(s), advertisement(s) and/or link(s) is attached herein as ***Exhibit 6***.

58.     Once a prospective insurance customer clicks on the aforementioned website advertisement or link, the prospective customer will not reach Plaintiffs' website: www.insurancedepot.com.

59.     Rather, Defendant Colorado Insurance Depot paid website advertisements or links irrevocably diverts or circumnavigates prospective insurance customers or leads from Plaintiffs' website to Defendant's website(s): www.coloradoinsurancedepot.com.

60.     Upon information and belief, the owner of this these website advertisement(s) and link(s) is Defendant Colorado Insurance Depot in this case.

61.     Accordingly, the Mark is currently being actively misused by this Defendant, as is demonstrated in the website printouts to improperly generate business at the expense of Plaintiffs' Mark.

**Defendant Show-Me Insurance Depot, LLC**

62.     Upon information and belief, Defendant Show-Me Insurance's infringing uses of Plaintiffs' Mark include, but are not limited to, the following:

SHOW ME INSURANCE DEPOT LLC | Find an Agent by ...
insuranceagent.safeco.com/...me-insurance-depot.../0530084805303044
We are an independent agency representing several high quality carriers  and products to help us assist you in finding the best product for YOUR  needs.

Auto Insurance Business Insurance Life Insurance ...
www.showmeinsdepot.com/

Visit Show-Me Insurance Depot LLC online
showmeinsdepot.com
At Show-Me Insurance Depot LLC we are continuously  working to provide the individual coverage you require. When it comes to protecting your auto, home, …

A true and correct copy of Defendant Show-Me Insurance's exemplar infringing website(s), advertisement(s) and/or link(s) is attached herein as *Exhibit 7*.

63.     Once a prospective insurance customer clicks on the aforementioned website advertisement or link, the prospective customer will not reach Plaintiffs' website: www.insurancedepot.com.

64.     Rather, Defendant Show-Me Insurance paid website advertisements or links irrevocably diverts or circumnavigates prospective insurance customers or leads from Plaintiffs' website to Defendant's website(s): www.showmeinsdepot.com.

65.     Upon information and belief, the owner of this these website advertisement(s) and link(s) is Defendant Show-Me Insurance in this case.

66.     Accordingly, the Mark is currently being actively misused by this Defendant, as is demonstrated in the website printouts to improperly generate business at the expense of Plaintiffs' Mark.

**Defendant Insurance Depot of America, LLC**

67.     Upon information and belief, Defendant Insurance Depot America's infringing uses of Plaintiffs' Mark include, but are not limited to, the following:

Welcome [insurancedepotamerica.com]
insurancedepotamerica.com
Insurance Depot of America (IDA) is here to make sure you get the best possible insurance coverage at the lowest possible cost. We believe it is the right of every ...

Call us today get insured today in 15 minutes! 877-607-7999
insurancedepotamerica.com/company.html
Insurance Depot of America LLC. Here at IDA, we are dedicated to making sure every American has the best possible insurance coverage at the lowest cost.

A true and correct copy of Defendant Insurance Depot of America's exemplar infringing website(s), advertisement(s) and/or link(s) are attached herein as *Exhibit 8*.

68. Once a prospective insurance customer clicks on the aforementioned website advertisement or link, the prospective customer will not reach Plaintiffs' website: www.insurancedepot.com.

69. Rather, Defendant Insurance Depot America paid website advertisements or links irrevocably diverts or circumnavigates prospective insurance customers or leads from Plaintiffs' website to Defendant's website(s): www.insurancedepotamerica.com.

70. Upon information and belief, the owner of this these website advertisement(s) and link(s) is Defendant Insurance Depot America in this case.

71. Accordingly, the Mark is currently being actively misused by this Defendant, as is demonstrated in the website printouts to improperly generate business at the expense of Plaintiffs' Mark.

### Defendant The Insurance Depot, Inc. dba TheInsuranceDepot.com

72. Upon information and belief, Defendant Insurance Depot Inc.'s infringing uses of Plaintiffs' Mark include, but are not limited to, the following:

THE INSURANCE DEPOT : FIND INSURANCE QUOTES
www.theinsurancedepot.com/
About AARP Foundation.  For more than 50 years, AARP Foundation has been dedicated
to serving vulnerable people 50 and older by creating solutions that …

A true and correct copy of Defendant Insurance Depot Inc.'s exemplar infringing website(s), advertisement(s) and link(s) is attached herein as ***Exhibit 9***.

73. Once a prospective insurance customer clicks on the aforementioned website advertisements or links, the prospective customer will not reach Plaintiffs' website: www.insurancedepot.com.

74.     Rather, Defendant Insurance Depot Inc.'s paid website advertisements or links irrevocably diverts or circumnavigates prospective insurance customers or leads from Plaintiffs' website to Defendant's website(s): www.theinsurancedepot.com.

75.     Upon information and belief, the owner of this these website advertisement(s) and link(s) is Defendant Insurance Depot Inc. in this case.

76.     Accordingly, the Mark is currently being actively misused by this Defendant, as is demonstrated in the website printouts to improperly generate business at the expense of Plaintiffs' Mark.

### Defendant Jim Ecford dba Prism Insurance Depot

77.     Upon information and belief, Defendant Prism's infringing uses of Plaintiffs' Mark include, but are not limited to, the following:

> Prism **Insurance Depot** Home Page
> www.prismins**depot**.com
> Prism **Insurance Depot** covering all of your personal and business needs. Our convenient website allows you to request **insurance** quotes twenty-four hours a day. …
>
> Contact Us - Prism **Insurance Depot**
> www.prismins**depot**.com/contact.aspx

A true and correct copy of Defendant Prism's exemplar infringing website(s), advertisement(s) and/or link(s) is attached herein as ***Exhibit 10***.

78.     Once a prospective insurance customer clicks on the aforementioned website advertisements or links, the prospective customer will not reach Plaintiffs' website: www.insurancedepot.com.

79.     Rather, Defendant Prism's paid website advertisements or links irrevocably diverts or circumnavigates prospective insurance customers or leads from Plaintiffs' website to Defendant's website(s): www.prismins**depot**.com

80.    Upon information and belief, the owner of this these website advertisement(s) and link(s) is Defendant Prism in this case.

81.    Accordingly, the Mark is currently being actively misused by this Defendant, as is demonstrated in the website printouts to improperly generate business at the expense of Plaintiffs' Mark.

**Defendant Doe dba InsuranceDepotTexas.com**

82.    Upon information and belief, Defendant Doe (InsuranceDepotTexas) infringing uses of Plaintiffs' Mark include, but are not limited to, the following:

Insurance Depot, Dallas, TX
www.insurancedepottexas.com
Simple, easy car insurance.  The only reason I remembered to Yelp this cause my bill is due lol.  They are dirt cheap.  I drive a Mercedes SUV, and I'm a 30 yr ….

ww1.insurancedepottexas.com

ww4.insurancedepottexas.com

ww2.insurancedepottexas.com

A true and correct copy of Defendant Does's exemplar infringing website(s), advertisement(s) and/or link(s) is attached herein as ***Exhibit 11***.

83.    Once a prospective insurance customer clicks on the aforementioned website advertisements or links, the prospective customer will not reach Plaintiffs' website: www.insurancedepot.com.

84.    Rather, Defendant Doe's paid website advertisements or links irrevocably diverts or circumnavigates prospective insurance customers or leads from Plaintiffs' website to Defendant's website(s): www.InsuranceDepotTexas.com.

85.    Upon information and belief, the owner of this these website advertisement(s) and link(s) is Defendant Doe in this case.

86.     Accordingly, the Mark is currently being actively misused by this Defendant, as is demonstrated in the website printouts to improperly generate business at the expense of Plaintiffs' Mark.

## CONDUCT OF ALL DEFENDANTS

87.     As set forth hereinabove, each Defendant's imitation, and misuse, of the Plaintiffs' Mark has been intentional, deliberate and willful, and is without any license, consent, authorization, or permission from Plaintiffs.

88.     There can be no doubt that the Defendants' insurance marketing, insurance services and/or insurance products (collectively "Infringing Services") are intended to compete directly with the insurance marketing, goods, services and products offered by Plaintiffs in connection with Plaintiffs' business and Plaintiffs' Mark.

89.     Defendants have directly misappropriated and used the Plaintiffs' Mark to generate their own business as demonstrated by the above referenced website(s) and link(s).

90.     In fact, Defendants continue to directly misappropriate and use the Plaintiffs' Mark to generate their own business as also demonstrated by the above referenced website(s) and link(s).

91.     Defendants' respective misuse of the Mark directly indicates that each Defendant intended to promote its own services and products to be purchased as a substitute for the genuine Plaintiffs' insurance services, products and goods, which are identified by the use of the Mark.

92.     In other words, it is clear that each identified Defendant willfully intended to steal business generated by the Plaintiffs' Mark, by misguiding the public into thinking that the Mark is affiliated with each respective Defendant.

93.     On information and belief, each respective Defendant offers and sells its own insurance leads, services, products and/or goods within the same geographic markets where Plaintiffs have established customers for their products and goods, including the State of Texas.

94.     On information and belief, each respective Defendant promotes its business by an infringing use of the Mark for marketing and sales purposes on electronic media and/or written materials, including, but not limited to links, websites, directory listings, sales calls, brochures and other documents within the same customer market as Plaintiffs' services, products or goods.

95.     On information and belief, each respective Defendant promotes its business by the use of meta tags, google adwords, or otherwise using Plaintiffs' Mark in the promotion through the internet of its goods and services.

96.     By copying, verbatim, the Plaintiffs' Mark and using it in commerce, each respective Defendant is willfully creating a likelihood of confusion as to whether said Defendant's services, products, and/or goods are approved by Plaintiffs or otherwise related to or affiliated with the Plaintiffs' services, products, and/or goods.

### ACTUAL CONFUSION

97.     In fact, Plaintiffs already have fielded comments and inquiries from potential customers who, upon encountering one, or more, of Defendants' infringing use of the Mark *via* the process described, hereinabove, reported that they were unable to reach Plaintiffs' website as advertised on television.

98.     Potential Customers have explained that upon searching for "Insurance Depot" using Google and other search engines, they clicked on the first website advertisement or link owned by one or more of the Defendants displaying Plaintiffs' Mark.

99.     Thus, potential insurance customers, who sought Plaintiffs' genuine services, products and/or goods bearing the Mark, were misled and confused by virtue of one or more of Defendants' infringing uses of the Mark.

100.    On information and belief, each respective Defendant's use of the Plaintiffs' Mark, or a close imitation thereof, is misleading to customers who will mistakenly believe said Defendant is the creator or rightful owner of the Mark and the associated services, products, and/or goods with the Mark, or otherwise mistakenly believe that an association exists between the Parties' respective products and/or services.

101.    This diminishes the exclusive, source-identifying rights established by Plaintiffs in their Mark.

102.    On information and belief, Defendant's respective insurance leads, services, products, and/or goods may not be of the same high quality as Plaintiffs' leads, services, products and/or goods, resulting in harm to Plaintiffs' goodwill and reputation as customers are confused about a possible relationship between the Plaintiffs' services, products and/or goods and each respective Defendant's leads, services, products, and/or goods.

103.    Moreover, any defects or deficiencies in each respective Defendant's services, products and/or goods, will also negatively impact on the goodwill and reputation built up in the unique Plaintiffs' services, products and/or goods.

COUNT ONE<br>
<u>TRADEMARK INFRINGEMENT UNDER FEDERAL LAW—15 U.S.C. §1114</u>

104.    Plaintiffs repeat and re-allege the allegations above, as if fully set forth herein.

105.    Defendant's respective acts complained of above constitute infringement of Plaintiffs' federal-registered trademarks and are in violation of 15 U.S.C. § 1114.

106.    Upon information and belief, the acts of each respective Defendant complained of above are calculated to deceive the relevant consuming public into accepting and purchasing Defendant's goods and services in the mistaken belief that they are sponsored by or endorsed, connected or affiliated with, or supplied under the supervision or with the approval of Plaintiffs.

107.    As a result of each respective Defendant's acts, Plaintiffs have already suffered damage and will continue to suffer damage, while said Defendants profit at Plaintiffs' expense. Defendants' activities entitle Plaintiffs to Defendants' profits and to damages for such acts of infringement.

108.    Unless each Defendant is enjoined, Plaintiffs have no adequate remedy at law and will be irreparably harmed.

109.    Upon information and belief, Defendants' respective acts complained of herein have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of Plaintiffs' rights and with intent to cause confusion, dilution, and to trade off Plaintiffs' vast good will in its registered trademarks, making this an exceptional case and entitling Plaintiffs to enhanced damages and attorney's fees under 15 U.S.C. §1117.

COUNT TWO<br>FEDERAL UNFAIR COMPETITION

110.    Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

111.    The Plaintiffs' Mark is recognized and relied upon by the relevant customer market to identify the source of the Plaintiffs' services, products and/or goods, and to distinguish the Plaintiffs' services, products, and/or goods from the products of others.

112.    The similarity of non-functional features and/or configurations in each Defendant's respective misuse of the Mark and/or services, products and/or goods associated with the Mark creates a likelihood of consumer confusion as to the source, sponsorship, affiliation or approval of the misused Mark and the genuine Plaintiffs' services and products.

113.    On information and belief, Defendants have been aware, since prior to the acts complained of herein, that the relevant customer market recognizes and relies upon the Plaintiffs' Mark to identify the services, products, and/or goods of the Plaintiffs and to distinguish them from the products of others.

114.    On information and belief, Defendants, in this District and elsewhere, sells, seeks to sell, and/or actively induces the display of insurance services, products and/or goods employing a feature or configuration which copies and simulates the Plaintiffs' Mark, which is used by Plaintiffs to market and sell their insurance services, products and/or goods.

115.    Upon information and belief, Defendants have engaged and continue to engage in a willful, conscious, and systematic practice of advertising, manufacturing, and selling or seeking to sell its own services and products through misuse of the Mark with deceptive intent, misappropriating the unique Plaintiffs' Mark, and associated services, products and/or goods.

116.    Defendants' respective practices of selling, seeking to sell, and/or actively inducing the sale of its own services, products and/or goods which misappropriates Plaintiffs' Mark is likely to cause confusion as to the source of the services, products and/or goods, causing injury to the business reputation and goodwill of Plaintiffs, their services, products and/or goods, which are recognized for their high quality.

117.    Defendants' respective activities constitute the use in commerce of any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin,

false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship or approval of his or her goods, services, or commercial activity of another person in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125.

118.     Defendants' respective activities constitute the use in commerce of any word, term, name, symbol or device, or any combination thereof or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact in connection with goods, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities or geographic origin of its or another person's goods, services or commercial activities in violation of Section 43(a) of the United States Trademark Act of 1946, 15 U.S.C. § 1125.

119.     Defendants' respective activities have caused, and will cause, further irreparable injury to Plaintiffs, and unless such activities are restrained by this Court, they will be continued and continue to cause great and irreparable injury to Plaintiffs.

120.     Plaintiffs have no adequate remedy at law.

121.     Plaintiffs seek attorney's fees, costs and expenses pursuant to 15 U.S.C. § 1117.

122.     Plaintiffs seek all damages available under law pursuant to 15 U.S.C. § 1117, including, but not limited to, treble damages for Defendant's knowing infringement of the Mark.

COUNT THREE<br>
DILUTION UNDER FEDERAL LAW—15 U.S.C. § 1125 (c)

123.     Plaintiffs repeat and re-allege the allegations above, as if fully set forth herein.

124.    The Plaintiffs' Trademarks are famous and distinctive.  Defendants have adopted and employed Plaintiffs' Mark at a time after the Plaintiffs' Mark had become famous and distinctive, and Defendants have diluted and/or harmed the value of Plaintiffs' famous Mark.

125.    Defendants respective acts complained of above constitute dilution of Plaintiffs' Mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

126.    As a result of Defendants respective acts, Plaintiffs have already suffered damage and will continue to suffer damage, while Defendants profit at Plaintiffs' expense.  Defendants' activities entitle Plaintiffs to Defendants' profits and to damages for such dilution.

127.    Unless Defendants are enjoined, Plaintiffs have no adequate remedy at law and will be irreparably harmed.

128.    Upon information and belief, Defendants' respective acts complained of herein have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of Plaintiffs' rights and with intent to cause confusion, dilution, and to trade off Plaintiffs' vast goodwill in Plaintiffs' Trademark, making this an exceptional case and entitling Plaintiffs to enhanced damages and attorney's fees under 15 U.S.C. § 1117.

## COUNT FOUR
## ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT

129.    Plaintiffs repeat and re-allege the allegations above, as if fully set forth herein.

130.    Upon information and belief, the following Defendants acquired, and subsequently made use of, the following domains:

insurancedepotamerica.com[1]

showmeinsdepot.com[2]

coloradoinsurancedepot.com[3]

all-insurancedepot.com[4]

theinsurancedepot.com[5]

insurance-depot.com[6]

insurance-depot.org[7]

insurancedepottexas.com[8]

131.    These websites are respectively owned by the Defendants: Insurance Depot America[1], Show-Me Insurance[2]; Colorado Insurance Depot[3]; All Insurance Depot[4], Insurance Depot Inc.[5], All Web[6,7], Haan[6,7] and Doe[8].    True and correct copies of these domain name registration records reflecting each respective Defendant's ownership of the domain(s) are attached hereto as *Exhibits 2-3[6,7], Exhibit 5[4], Exhibit 6[3], Exhibit 7[2], Exhibit 8[1], Exhibit 9[5], and Exhibit 11[8],* and are hereby incorporated by reference as though set forth in full herein.

132.    Plaintiffs began using the distinctive and famous Mark, INSURANCE DEPOT, years prior to Defendant's acquisition of the domain names reference in Paragraph 65, hereinabove.

133.    Before these Defendants acquired their respective domain names, the Mark was widely recognized as an indicator of source for Plaintiffs' Insurance services, and was famous.

134.    Defendant's respective domain names were confusingly similar and/or dilutive of the Plaintiffs' Marks.

135.    Plaintiffs are informed and believe, and based thereon alleges, that each respective Defendant acquired and has used its domain name(s) with bad faith intent to profit from Plaintiffs' Mark.

136.     Defendants' respective acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiffs' Mark, business, reputation, and goodwill.  Plaintiffs have no adequate remedy at law as monetary damages are inadequate to compensate Plaintiffs for the injuries caused by said Defendants.

137.     Plaintiffs are entitled to cancellation of each Defendant's respective domain name(s) registration or transfer of said domain name(s) to Plaintiffs, along with monetary compensation and statutory penalties pursuant to the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

## COUNT FIVE
## TEXAS COMMON LAW TRADEMARK INFRINGEMENT

138.     Plaintiffs repeat and re-allege the allegations above, as if fully set forth herein.

139.     Defendants have injured Plaintiffs by unlawfully using the Plaintiffs' Mark and causing a likelihood of confusion or misunderstanding among the relevant customer market as to the source, sponsorship, approval, of affiliation of the services, products and/or goods. Defendants' respective conduct constitutes trademark infringement under the common law of the State of Texas.

140.     As a result of the aforesaid acts by Defendants, Plaintiffs have suffered and continue to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

141.     Unless Defendants are restrained and enjoined by this Court, said acts will be continued and will continue to irreparably harm Plaintiffs.

142.     Plaintiffs have no adequate remedy at law.

143.     Plaintiffs seek all damages available under both statutory and Texas common law including, but not limited to, actual and punitive damages for knowing infringement of the Mark.

COUNT SIX<br>CIVIL CONSPIRACY

144.     Plaintiffs repeat and re-allege the allegations above, as if fully set forth herein.

145.     On information and belief, two or more of the Defendants had knowledge of, agreed to, and intended a common objective or course of action that resulted in damages to Plaintiffs constituted a civil conspiracy under the laws of State of Texas and the United States.

146.     Two or more of the Defendants participated and/or conspired together in an online marketing campaign or common objective to procure insurance leads and sales.  One or more of Defendants involved in the conspiracy infringed upon Plaintiffs' Mark in furtherance of the conspiracy.

147.     Defendants' respective conduct constitutes civil conspiracy under the common law of the State of Texas and the United States.

148.     As a result of the aforesaid acts by Defendants, Plaintiffs have suffered and continue to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

149.     Unless Defendants are restrained and enjoined by this Court, said acts will be continued and will continue to irreparably harm Plaintiffs.

150.     Plaintiffs have no adequate remedy at law.

151.     Plaintiffs seek all damages available under both Texas and Federal common law including, but not limited to, actual and punitive damages for knowing infringement of the Mark.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court:

Issue a temporary restraining order, preliminary injunction and permanent injunction against each Defendant, its agents, servants, employees, officers, attorneys, successors and assigns, and all persons, firms and corporations acting in concert or participation with each said Defendants or on each said Defendants behalf as follows:

a. Prohibiting it from manufacturing, importing, promoting, marketing, distributing, offering for sale, selling, advertising or providing any products in connection with the Plaintiffs' Mark, INSURANCE DEPOT, or any other trademark or trade dress that is confusingly similar to the Plaintiffs' Mark INSURANCE DEPOT;

b. Prohibiting it from representing that any products promoted, marketed, distributed, sold, advertised or provided by Defendants are sponsored or authorized by, or associated with Plaintiffs;

c. Prohibiting it from any other use of the Mark, INSURANCE DEPOT, or a derivation thereof, in any manner which is likely to confuse customers and/or the public into believing that Defendants' services, products and/or goods originate from, are associated with, or are sponsored by Plaintiffs;

d. Ordering it to remove pictures of products incorporating the Mark, INSURANCE DEPOT, or confusingly similar trade dress or trademarks from any and all of Defendants' advertising, websites, affiliated websites and promotional materials or to deliver such materials to Plaintiffs for destruction;

e. Ordering it to deliver to Plaintiffs all products and/or goods bearing the Mark, INSURANCE DEPOT, or confusingly similar trade dress or trademarks, wherever found, and to provide a written accounting of where such products have been distributed, displayed or used.

f. Prohibiting it from using the phrase INSURANCE DEPOT as a keyword that would cause any search engine to include, in a search for "insurance depot", "insurancedepot", or in any other string of letters that include both of the words "insurance" and "depot" in any order or position of the string, any web page or URL that is within the control of Defendants.

After a hearing on the merits, award Plaintiffs their damages and Defendants' profits including trebling said damages or profits based upon Defendants' knowing infringement of the Plaintiffs' Mark, and Plaintiffs' costs and attorney's fees.   Plaintiffs may alternatively seek statutory damages pursuant to 15 U.S.C. § 1117.

Grant Plaintiffs such other and further relief as this Court deems to be reasonable, necessary and just.

Plaintiffs Demand a Jury Trial for all issues so triable.

Dated: May 27, 2014

Respectfully submitted,

By: /s/ Andrew Sher   _____
Andrew Sher
Texas State Bar No. 00789623
THE SHER LAW FIRM, PLLC
3355 West Alabama, Suite 240
Houston, Texas 77098
(713) 626-2100 (Telephone)
(713) 626-2101 (Facsimile)
andrew@sher-law.com

By: /s/ Ira P. Domnitz   _____
Ira P. Domnitz
Texas State Bar No. 24036492
STEPHENS & DOMNITZ
P. O. Box 79734
Houston, Texas 77279-9735
(281) 394-3287 (Telephone)
(832) 476-5460 (Facsimile)
idomnitz@stephensdomnitz.com

By: /s/ *Josh W. Hopkins*
Josh W. Hopkins
Texas State Bar No. 00787714
HOPKINS LAW GROUP, PLLC
P. O. Box 6406
Corpus Christi, Texas 78466
(361) 444-3960 (Telephone)
(361) 884-2136 (Facsimile)
Josh@hopgrp.com

ATTORNEYS FOR PLAINTIFFS