United States District Court
Southern District of Texas
**ENTERED**
September 09, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| NEUTRON DEPOT, LLC, *et al*, § § Plaintiffs, § VS. § BANKRATE, INC., *et al*, § § Defendants. § | § § § § CIVIL ACTION NO. 2:15-CV-101 § § § § |

## OPINION AND ORDER CONVERTING MOTION FOR JUDGMENT ON THE PLEADINGS TO MOTION FOR SUMMARY JUDGMENT

Pending is Defendant Bankrate, Inc.'s Motion for Judgment on the Pleadings (D.E. 134). Plaintiffs responded to the motion and Defendant filed a reply (D.E. 138, 141). For the reasons discussed more fully below, the motion will be treated as a motion for summary judgment and Plaintiffs will be given additional time to respond.

## BACKGROUND

Plaintiffs Neutron Depot, LLC and DepoWeb, Inc., engage in the marketing, sale and servicing of insurance related products and services. In 1993 Plaintiffs filed a federal trademark application with the United States Patent and Trademark Office (USPTO) for "INSURANCE DEPOT" (the Mark). Plaintiffs assert that the Mark is owned by CSi Agency Services, Inc. (CSi) and has been in continuous use with the public as an identifier of a source of goods or services since 1993. Plaintiffs further assert that CSi licensed use of the Mark to Plaintiffs together with the right of enforcement and the right to bring suit under the Mark.

On May 27, 2014 Plaintiffs filed a cause of action against multiple defendants, including Bankrate, Inc., (Bankrate) in *Neutron Depot, LLC et al. v. Bankrate, Inc., et al.*, No. 2:14-cv-192 (S.D. Tex., filed May 27, 2014).  Bankrate was severed from that case on February 26, 2015 and this cause of action was opened.  Plaintiffs allege Bankrate engaged in the following:  (1) Trademark infringement in violation of 15 U.S.C. § 1114; (2) Unfair competition in violation of 15 U.S.C. § 1125; (3) Dilution, in violation of 15 U.S.C. § 1125(c); and (4) Texas law trademark infringement and dilution in violation of Tex. Bus. & Com. Code Ann. §§ 16.102 and 16.103.

In its motion for judgment on the pleadings, Bankrate argues that it is entitled to judgment on the trademark infringement and dilution causes of action because neither Plaintiff is a registrant of the trademark and therefore both lack standing.  Bankrate further argues that it is entitled to judgment on the state law cause of action because the Mark is not registered in Texas and neither Plaintiff is the registrant or owner of the Mark.

Plaintiffs counter that they are exclusive licensees of the Mark, which gives them standing to pursue their claims for federal trademark infringement and dilution.  They also argue that because the Mark is registered in the United States Patent and Trademark Office (USPTO), they may bring suit under the Texas Business and Commerce Code.

## APPLICABLE LAW

Motions for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) are evaluated under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  *Gentilello v. Rege*, 627 F.3d 540, 543-544 (5th Cir.

2010). In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In order to survive a motion to dismiss, a plaintiff's complaint must allege enough facts to show that a plausible claim for relief exists on the face of the pleading. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554-555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether to grant a motion to dismiss, the court must not go outside the pleadings and must accept all well-pleaded facts as true, looking at them in the light most favorable to the plaintiff. *Scanlan v. Texas A&M University*, 343 F.3d 533, 536 (5th Cir. 2003). The Fifth Circuit has recognized one limited exception to this rule. In *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000), the Fifth Circuit approved a district court's consideration of documents attached to a motion to dismiss where the plaintiff did not object to or appeal consideration of the documents and the documents were central to the plaintiff's claim. *Id. See also In re Katrina Canal Beaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)("[B]ecause the defendants attached the contracts to their motion to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss.")

Bankrate attached documents to its motion for judgment on the pleadings and to its reply that Plaintiffs did not refer to in their second amended complaint and which are not central to their claims. (*See* D.E. 134-1 through 134-4; 141-1 through 141-12).

Because these documents do not fall within the exception noted in *Collins* and *Katrina Canal Beaches*, they may not be considered part of Bankrate's motion for judgment on the pleadings. Rule 12(d) provides that if, on a motion brought under 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Bankrate argues that because it is challenging the standing of the plaintiffs to bring this lawsuit, it is actually challenging subject matter jurisdiction and its motion may be decided without treating it as a motion for summary judgment. Bankrate is correct that, generally, before a federal court may consider the merits of a legal claim, the person seeking to invoke federal court jurisdiction must have standing to sue. *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). However,

> [w]here the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court (assuming that the plaintiff's federal claim is not immaterial and made solely for the purpose of obtaining federal jurisdiction and is not insubstantial and frivolous) is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case.

*Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981). "The questions of subject matter jurisdiction and the merits will normally be considered intertwined where the statute provides both the basis of federal court jurisdiction and the cause of action." *Clark v. Tarrant County, Texas*, 798 F.2d 736, 742 (5th Cir. 1986).

In this case, 15 U.S.C. §§ 1114 and 1125(c) confer federal court jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and also set out the elements

of the causes of action. Thus, this court will assume federal jurisdiction and address the issues raised in Bankrate's Rule 12(c) motion. In order to consider all the documents submitted by Bankrate, the motion for judgment on the pleadings will be treated as a Rule 56 motion for summary judgment. Plaintiffs may file an additional response and any evidence they wish the court to consider on or before **Friday, October 14, 2016.**

ORDERED this 9th day of September, 2016.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE