United States District Court
Southern District of Texas
**ENTERED**
October 26, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NEUTRON DEPOT, LLC, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-101 |
| | § | |
| BANKRATE, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER GRANTING MOTION TO TRANSFER

Pending is an unopposed motion filed by Defendant Bankrate, Inc. (Bankrate) to transfer this case to the Austin Division of the United States District Court for the Western District of Texas (the Western District Court) (D.E. 149).  For the reasons discussed more fully below, the motion is granted.

## BACKGROUND

Plaintiffs Neutron Depot, LLC and DepoWeb, Inc. engage in the marketing, sale, and servicing of insurance related products and services.  In 1993, Plaintiffs filed a federal trademark application with the United States Patent and Trademark Office (USPTO) for "INSURANCE DEPOT" (the Mark).  The Mark is owned by CSi Agency Services, Inc. (CSi) and has been in continuous use with the public as an identifier of a source of goods or services since 1993.  CSi licensed use of the Mark to Plaintiffs together with the right of enforcement and the right to bring suit under the Mark.

On May 27, 2014, Plaintiffs filed a cause of action against multiple defendants, including Bankrate, in *Neutron Depot, LLC et al. v. Bankrate, Inc., et al.*, No. 2:14-cv-

192 (S.D. Tex., filed May 27, 2014).  Bankrate was severed from that case on February 26, 2015, and this cause of action was opened.  Plaintiffs allege that Bankrate engaged in the following:  (1) Trademark infringement in violation of 15 U.S.C. § 1114; (2) Unfair competition in violation of 15 U.S.C. § 1125; (3) Dilution, in violation of 15 U.S.C. § 1125(c); and (4) trademark infringement and dilution in violation of Tex. Bus. & Com. Code Ann. §§ 16.102 and 16.103.

The original case, No. 2:14-cv-192, was transferred to the Austin Division of the Western District of Texas on July 22, 2016, following a motion by Defendant All Web Leads (AWL) in that case.  Plaintiffs in the original case, who are the same Plaintiffs in this case, opposed the motion (D.E. 176, 177, 178, 179, 182 in Case No. 2:14-cv-192).

Bankrate filed its motion to transfer this case on August 29, 2016, and argues that transferring this case to the Western District Court will be more convenient for the parties and witnesses and will better serve the interests of justice.  Plaintiffs do not oppose the motion.

## APPLICABLE LAW

Pursuant to 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  District courts have broad discretion in deciding whether to order a transfer of venue within the limitations set out by the text of § 1404(a) and by the precedents set by the Supreme Court and the Fifth Circuit.  *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (citations omitted) (hereinafter *In re Volkswagen II*).

When reviewing a motion for change of venue, the district court looks at (1) whether the transferee court has jurisdiction of the matter; (2) the Plaintiffs' choice of venue weighed against the convenience of the parties and witnesses; and (3) the interest of justice. *Id.* at 315.

## A.  In Personam Jurisdiction

When reviewing a motion to transfer venue, the first question is whether the action originally might have been brought in the transferee court.  Plaintiffs must have a right, independent of the wishes of the defendant, to sue in that district.  *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).  This requirement prohibits a defendant from forum shopping by consenting to transfer to a particular court based on tactical self-interest and withholding consent to transfer anywhere else.  15 Charles Alan Wright, et al., *Federal Practice and Procedure*, § 3845 (4th ed.).

Plaintiffs allege that Bankrate, via advertising on the internet, has engaged in trademark infringement, unfair competition, trademark dilution, and state law trademark infringement and dilution.  Bankrate concedes that it transacts business within the State of Texas via the internet.  Thus, all the district courts in Texas, including the Western District Court, have personal jurisdiction over Bankrate.  *See Mink v. AAAA Development, LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (discussing a spectrum of contacts that an internet business might have in a state and determining that entering into contracts via the internet with residents of another state establishes personal jurisdiction).  In addition, it does not appear that Bankrate is seeking transfer based on any tactical interest and Plaintiffs do not argue otherwise, indicating that the *Hoffman* concerns do not apply.

## B. Plaintiffs' Choice of Venue

The general venue statute, 28 U.S.C. § 1391, controls a plaintiff's choice of venue unless a special, restrictive venue statute is applicable. *In re Volkswagon II*, 545 F.3d at 312. Under the statute, when a suit is filed in a multi-district state like Texas, a corporation is deemed to reside in any district within which its contacts are sufficient to subject it to personal jurisdiction, if that district were a state. *Id.* at 312-313. A plaintiff has broad discretion to bring an action in any district where venue lies. *Id.* at 313.

A plaintiff's broad discretion is tempered by the venue transfer statute, 28 U.S.C. § 1404, the underlying premise of which is that courts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a). *Id.* While some deference is given to a plaintiff's choice of forum, a motion to transfer venue should be granted when the transferee venue is clearly more convenient than the venue chosen by the plaintiff. *Id.* at 315. *See also In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) ("[I]t is clear under Fifth Circuit precedent that the plaintiff's choice of forum is clearly a fact to be considered but in and of itself it is neither conclusive nor determinative.").

Although Plaintiffs in this case originally sought venue in the Southern District of Texas, they do not oppose transferring the case to the Western District Court. Thus, their original choice of venue is not accorded any weight.

## C. Convenience

When determining whether a proposed transferee venue is clearly more convenient than the plaintiff's chosen venue, a court looks at private interest factors and public

interest factors.  *In re Volkswagen II* at 315.  Private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious, and inexpensive.  *Id.* at 315 (internal quotations and citations omitted).  Public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) avoidance of unnecessary problems of conflict of laws or in the application of foreign laws.  *Id.*

### (1) Private Interest Factors

On December 28, 2015, Bankrate sold its insurance business to AWL, a defendant in the original case (Declaration of Amanda Hyland, D.E. 149-1 at ¶ 4).  AWL's headquarters are in Austin and Bankrate's records related to its insurance business have been transferred to Austin (Id. at ¶¶ 5-6).  Neither Plaintiffs nor Defendants have offices in Corpus Christi.[1]  Because it is undisputed that all written documents relevant to the case are located in Austin, the first private factor weighs in favor of transferring the case to the Western District Court.

Regarding the availability of compulsory process to secure the attendance of witnesses, Bankrate asserts that because it sold its insurance division to AWL, potential non-party witnesses include AWL employees who will testify about efforts to retrieve Bankrate's data from analytic accounts and describe the chain of custody of Bankrate

---

[1] Plaintiffs' principal place of business is in Dallas, Texas.

documents and servers.  Other AWL employees are expected to testify about processes used to access the documents and servers.  In addition, employees of Bankrate's e-discovery vendor, who have been working with former Bankrate servers in Austin, also would have relevant testimony as to methods, costs, efforts, and results associated with the servers in Austin.  All of these potential witnesses either live or work in Austin (*Id.* at ¶ 7).

Compulsory process would be available to compel these non-party witnesses to attend trial in Austin, but would be subject to a motion to quash if proceedings were held in Corpus Christi, which is more than 100 miles from where they reside.  Fed. R. Civ. P. 45(c)(1)(A)(ii) and 45(d)(3).  In addition, it would be more convenient for these non-party witnesses to testify in Austin, where they currently work, than it would in Corpus Christi.  "'[I]t is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis.'"  *Mohamed v Mazda Motor Corp.*, 90 F. Supp. 2d 757, 776 (E.D. Tex. 2000) (quoting *State Street Capital Corp.*, 855 F. Supp. 192, 198 (S.D. Tex. 1994)).

Bankrate also identifies as witnesses former employees who reside in the Denver, Colorado metro area and in San Francisco, California (Hyland Decl. D.E. 149-1 at ¶¶ 8-9).  If these non-party witnesses consent to appear at trial, direct flights are available into Austin, but not into Corpus Christi, meaning it would be more convenient for them if proceedings were held in Austin. (Hyland Decl., D.E. 149-1 at ¶¶ 10-11 and Exs. 1 and 2).  For these reasons, the private interest factor relating to non-party witnesses weighs in favor of transfer.

Regarding willing witnesses and party witnesses, the convenience and cost of attendance for witnesses is a very important factor in a transfer analysis. *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009).

> When the distance between an existing venue for trial of a matter and a proposed venue under § 1401(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment. Furthermore, the task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour.

*In re Volkswagen AG*, 371 F.3d 201, 204-205 (5th Cir. 2004) (hereinafter *In re Volkswagen I*). Neither party has identified a witness located in Corpus Christi, which is approximately 215 miles from Austin. Bankrate has identified corporate representatives and technical experts who live in Denver, Colorado and Atlanta, Georgia. It would be more convenient for these witnesses to travel to Austin rather than to Corpus Christi because of the availability of direct flights (Hyland Decl., D.E. 149-1 at ¶¶ 10-11 and Exs. 1 and 2). Accordingly, it would be more convenient for the willing witnesses for this case to be transferred to the Western District Court and this factor weighs in favor of transfer.

**(2) Public Interest Factors**

The first public interest factor--court congestion--is neutral. Both courts carry a significant caseload. The Austin division is in dire need of additional judges and the Corpus Christi division has had a vacancy for five years.

The "local interest" factor does not weigh in favor of either court because the allegations are that Bankrate diverted customers from Plaintiffs via the internet. Any harm that Plaintiffs suffered occurred wherever the potential customer clicked on the link that diverted them from Plaintiffs' website. It cannot be said that the residents of Austin have a greater interest in the outcome of this case than residents of Corpus Christi. Nor does it appear that either court is more familiar with the law or facts relating to Plaintiffs' claims than the other court. A transfer of venue also does not raise any concerns regarding conflict of laws or application of foreign laws.

Bankrate argues that the AWL case, which was transferred to Austin earlier this year, and the instant case will require resolution of numerous issues central to both cases, such as questions regarding the validity of the mark, which entities have standing to sue on the mark, and which parties are indispensable to Plaintiffs' claims. Although the two cases are based on different allegations of fact, Bankrate is correct that they do involve common questions of law. Thus, transferring the instant case to Austin decreases the chance that different courts will issue inconsistent decisions regarding the legal issues in the cases.

**D.  Interest of Justice**

The factors courts consider when looking at the "interest of justice" in a transfer case greatly overlap with the "public interest" factors described above.  *See Research Automation, Inc. v. Schrader-Bridgeport Intern. Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (interest of justice factors include docketing congestion, each court's relative familiarity with the law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy).  These factors have been addressed above.

<u>**CONCLUSION**</u>

When the relevant factors are considered together, the balance of factors supports transferring this case to the Austin Division of the Western District of Texas and Plaintiffs are not opposed.  Accordingly, Bankrate's motion to transfer (D.E. 149) is GRANTED. The Clerk is ORDERED to transfer this case to the Austin Division of the Western District of Texas.  At the request of the parties, all pending motions are denied without prejudice, subject to re-urging after the case is transferred.

ORDERED this 26th day of October, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE